IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRYANT ANDERSON, # 277744,      )
                                )
        Petitioner,             )
                                )        CIVIL ACTION NO.
    v.                          )        1:17-CV-547-ECM-SMD
                                )            (WO)
KARLA WALKER JONES, *et al.,*    )
                                )
        Respondents.            )

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Before the court is Alabama inmate Bryant Anderson's petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. 1.[1]  After careful review, the court finds Anderson's petition should be denied.

## I.   BACKGROUND

In November 2015, a Houston County grand jury indicted Anderson for two counts of attempted murder, in violation of §§ 13A-6-2 & 13A-4-2, Ala. Code 1975.  The intended victim under one count was Dennis Thomas, while the intended victim under the other count was Jerrica Rule.  Anderson's case on both counts came to trial in April 2016.  The Alabama Court of Criminal Appeals briefly summarized the evidence adduced at trial:

> The record indicates the following pertinent facts.  On July 24, 2015, Dennis Thomas met his girlfriend, Jerrica Rule, at Thomas's grandmother's house after work.  While outside, Thomas saw a "mentally ill . . . war veteran" named Saigon walking down the street. [Doc. 8-2 at 118.] Thomas saw Anderson leave his porch a few houses over and ask Saigon "[w]here is

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

the money?" [*Id.* at 119.]  Anderson began to shove Saigon when Saigon started crying and asking, "What money?  I don't have no money."  [*Id.*]  Thomas approached Saigon and told him that it was going to be alright.  Thomas told Anderson not to hit Saigon anymore.  Anderson looked Thomas in the face and said alright and got "this strange, evil look on his face."  [*Id.* at 121.]  Anderson turned around and returned to his house.

Moments later, Anderson walked out of his house and Anderson's girlfriend attempted to hold him back "telling him, 'No.'"  [*Id.*]  Rule warned Thomas that she thought that Anderson had a gun.  Anderson pushed his girlfriend aside and began firing a gun at Thomas.  Thomas testified that Anderson "was meaning to kill somebody" as he fired the weapon.  [*Id.* at 123.]  Anderson fired several shots, three of which struck Rule's vehicle. Thomas and Rule retreated to inside the house and contacted the police.

Doc. 8-5 at 2–3.

On April 19, 2016, the jury returned a verdict finding Anderson guilty of the attempted murder of Dennis Thomas as charged in one count.  Doc. 8-2 at 28; Doc. 8-3 at 79–80.  The jury found Anderson not-guilty of the attempted murder of Jerrica Rule as charged in the other count.  Doc. 8-3 at 73–74.  On June 8, 2016, the trial court sentenced Anderson as a habitual felony offender to 30 years' imprisonment.  Doc. 8-3 at 99.

Anderson appealed, arguing that (1) the trial court erred when it denied his motion for a judgment of acquittal because there was insufficient evidence to show he intended to kill Dennis Thomas, and (2) the trial court erred when it denied his motion for a mistrial because someone wrote the word "reluctantly" on the original jury verdict form finding him guilty of attempted murder on the count involving Thomas as the victim, indicating that the jury was not convinced of his guilt beyond a reasonable doubt.  Doc. 8-4.

On December 9, 2016, the Alabama Court of Criminal Appeals affirmed Anderson's conviction and sentence by memorandum opinion.  Doc. 8-5.  Anderson applied for

rehearing, which was overruled.  Anderson then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on March 10, 2017.  Docs. 8-7 and 8-8.

On August 9, 2017, Anderson initiated this habeas action by filing a § 2254 petition[2] repeating his claims that (1) the trial court erred when it denied his motion for a judgment of acquittal based on the alleged insufficiency of the evidence to show he intended to kill Dennis Thomas, and (2) the trial court erred when it denied his motion for a mistrial after someone wrote the word "reluctantly" on the original jury verdict form for the count involving Thomas.

## II.   DISCUSSION

### A.   AEDPA Standard of Review: Claims Adjudicated on the Merits

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief."  *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. 2010).  For claims adjudicated on the merits by the state courts and properly before the federal court, a writ of habeas corpus shall be granted only if the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] Although the petition was date-stamped as received in this court on August 11, 2017, Anderson represents that he delivered the petition to prison officials for mailing on August 9, 2017.  Doc. 1 at 15.  Under the prison mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA modified the federal courts' role in reviewing state prisoner habeas applications to prevent "federal habeas 'retrials'" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002). A state-court decision is "contrary to" federal law under § 2254(d)(1) "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694. Under the "unreasonable application" standard, this court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams v. Taylor*, 529 U.S. 362, 411–13 (2000) (O'Connor, J., delivering the opinion of the Court with respect to Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter,* 562 U.S. 86, 102 (2011).

The Supreme Court recently reemphasized this deferential standard, holding that "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

As for the unreasonable-determination-of-facts prong under § 2254(d)(2), the federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain,* 135 S.Ct. 2269, 2277 (2015) (citation omitted). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id*. (quotation marks and citations omitted). Factual issues made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Supreme Court has recognized there is a question about the relationship between § 2254(d)(2)'s "unreasonable determination of the facts" standard and § 2254(e)(1)'s presumption, but it has "not yet defined the precise relationship between [them.]" *Brumfield*, 135 S. Ct. at 2282 (quotation marks and citation omitted). If a petitioner failed to develop the factual basis of a claim in

state court, the federal court cannot hold an evidentiary hearing unless the petitioner shows "the claim relies on . . . a new rule of constitutional law, made retroactive . . . ; or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2254(e)(2).

## B.   Anderson's Habeas Claims

### 1.   *Sufficiency of Evidence of Attempted Murder of Thomas*

Anderson claims the trial court erred when it denied his motion for a judgment of acquittal based on the alleged insufficiency of the evidence to show he intended to kill Dennis Thomas.  Doc. 1 at 5, 16.  Anderson pursued this claim through the direct-review process in state court.

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime."  *In re Winship*, 397 U.S. 358, 364 (1970).  Habeas relief on the merits of a claim of legally insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> [T]his inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." . . . [I]nstead, the relevant question is whether, after viewing the evidence in the

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson,* 443 U.S. at 318–19.  To be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt."  *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir. 1984).  Sufficiency claims are judged by the elements of the offense defined by state law.  *Jackson*, 443 U.S. at 324 n.16.

In addressing the sufficiency of the evidence to sustain Anderson's conviction for the attempted murder of Thomas, the Alabama Court of Criminal Appeals stated:

> """In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution."'  *Ballenger v. State*, 720 So.2d 1033, 1034 (Ala. Crim. App. 1998), quoting *Faircloth v. State*, 471 So.2d 485, 488 (Ala. Crim. App. 1984), aff'd, 471 So.2d 493 (Ala. 1985).  '"The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt."'  *Nunn v. State*, 697 So.2d 497, 498 (Ala. Crim. App. 1997), quoting *O'Neal v. State*, 602 So.2d 462, 464 (Ala. Crim. App. 1992).  '"When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court's decision."'  *Farrior v. State*, 728 So.2d 691, 696 (Ala. Crim. App. 1998), quoting *Ward v. State*, 557 So.2d 848, 850 (Ala. Crim. App. 1990).  "The role of appellate courts is not to say what the facts are.  Our role . . . is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.'  *Ex parte Bankston*, 358 So.2d 1040, 1042 (Ala. 1978).

> "'The trial court's denial of a motion for judgment of acquittal must be reviewed by determining whether there was legal evidence before the jury at the time the motion was made from which the jury by fair inference could find the defendant guilty. *Thomas v. State*, 363 So.2d 1020 (Ala. Cr. App. 1978).  In applying this standard, this court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. *Willis v. State*, 447 So.2d 199 (Ala. Cr. App. 1983).  When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. *McConnell v. State*, 429 So.2d 662 (Ala. Cr. App. 1983).'"

*Gavin v. State*, 891 So. 2d 907, 974 (Ala. Crim. App. 2003), cert. denied, 891 So.2d 998 (Ala. 2004) (quoting *Ward v. State*, 610 So. 2d 1190, 1191 (Ala. Crim. App. 1992)).

A person commits murder if "[w]ith intent to cause the death of another person, he causes the death of that person." § 13A-6-2(a)(1), Ala. Code 1975.  A person commits the offense of attempted murder if, "with intent to commit [murder], he does any overt act towards the commission of such offense." § 13A-4-2, Ala. Code 1975.  In a prosecution for attempted murder, the intent of the defendant "must be inferred by the jury from a due consideration of all of the material evidence." *Rivers v. State*, 624 So. 2d 211, 213 (Ala. Crim. App. 1993).

The evidence in this case, when viewed in the light most favorable to the State, indicates that on July 24, 2015, Anderson got into an argument with Thomas after he pushed Saigon.  After being reprimanded by Thomas, Anderson retrieved a firearm out of his house and then began shooting at Thomas.  Thomas testified that Anderson was trying to kill somebody when he fired the weapon.  Thus, there was sufficient evidence to show that Anderson attempted to murder Thomas.  Accordingly, Anderson is entitled to no relief on this claim.

Doc. 8-5 at 3–5.

The state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1), nor did it involve an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2).  The record reflects that the State presented evidence establishing every element of the offense of attempted murder, as defined by §§ 13A-6-2 and 13A-4-2, Ala. Code 1975.  There was ample evidence to support the inference that Anderson fired multiple shots from a gun at Thomas and that he did so intending to kill Thomas.  The circumstances immediately preceding Anderson's firing of the gun—the verbal altercation between Anderson and Thomas—indicated that Anderson was angry at Thomas after Thomas reproached him for pushing Saigon, that consequently he fired the gun at Thomas, and that it was his intent to kill Thomas.  A rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime of attempted murder beyond a reasonable doubt.  *See Jackson,* 443 U.S. at 318–19.  Consequently, Anderson is not entitled to habeas relief on this claim.

### 2.   *Denial of Motion for Mistrial*

Anderson claims the trial court erred when it denied his motion for a mistrial after someone, apparently the jury foreman, wrote the word "reluctantly" on the original jury verdict form finding him guilty of attempted murder for the count involving Dennis Thomas.  Doc. 1 at 7, 16–17.  Anderson maintains this indicated that the jury was not convinced of his guilt beyond a reasonable doubt and that his conviction should therefore be set aside.  *Id*. at 16–17.

The factual background for this claim was set out by the Alabama Court of Criminal Appeals:

The record indicates that during jury deliberations, the jury foreman indicated that the jury had reached a verdict regarding the charge of the attempted murder of [Jerrica] Rule, but had not yet reached a verdict on the attempted-murder charge regarding Thomas.  The circuit court encouraged the jury to come to a unanimous verdict and sent them to continue their deliberations.  The jury later returned with a signed verdict form finding Anderson guilty of the attempted murder of Thomas.  The circuit court examined the jury verdict form and found that "someone, apparently the foreman, wrote 'reluctantly'" on it.  [Doc. 8-3 at 72.]  The other verdict was for the case of attempted murder with regards to Rule and the jury unanimously found Anderson not guilty.  The circuit court subsequently dismissed that case.

The circuit court then informed the jury that it could not accept the verdict form for the Thomas case because the world "reluctantly" was written at the top of the jury verdict form.  [*Id.* at 74.]  The circuit court told the jury that " [t]he verdict has to be unanimous.  Each of you must be convinced beyond a reasonable doubt of whether the defendant is guilty or not guilty." [(*Id.*)]  After instructing the jury regarding the verdict again, the circuit court asked the attorneys whether they had any objections.  Both the prosecutor and defense counsel indicated that they had no objection. The jury subsequently returned to deliberate with a new verdict form.

While the jury deliberated, a recess was held, and the following discussion occurred:

"[Defense counsel]: I just want to put a couple of things on the record real quick.  Obviously, in all of my experience practicing law, I've never been faced with a situation like this. I think that was clear.  I know you even mentioned that you've never seen it before, either.  Obviously, I certainly did not object to you not taking the verdict, and I agree that we can't take a verdict as written with the term in front of it.

"My concern is, at this point, that we have a verdict that's not unanimous.  Reluctantly, by definition, means you don't want to do it.  I don't know whether—you know, if there are holdouts or why that language—

10

"THE COURT: Well, if it is a guilty verdict, I don't mind polling them.  I assume y'all want them polled.

"[Defense counsel]: Right, I guess, at this point, I really don't have any choice but to ask for a mistrial just based on the fact that that word was submitted on a jury form and it's contradictory in itself.  I question whether they understand their burden if you can issue a reluctantly not guilty when everybody has told them that it has to be a consensus and they have to be convinced beyond a reasonable doubt.

"THE COURT: I'll note it for the record.  At this point, since the verdict has not been announced, I will deny the motion.  You may want to consider renewing it afterwards or in a post-judgment motion.  But, for the record, it is noted—"

[Doc. 8-3 at 77–79.]

Later, the jury reached a verdict and informed the circuit court.  The jury unanimously found Anderson guilty of the attempted murder of Thomas.  The circuit court polled the jury and each juror indicated that that was his or her verdict.  After the verdict, the circuit court stated that it would note Anderson's earlier objection regarding the unanimity of the verdict for the record and "consider it now as being made after the verdict."  [Doc. 8-3 at 83.]

When Anderson pursued this issue on direct appeal, the Alabama Court of Criminal Appeals found it was not properly preserved for review, citing Alabama case law holding that a motion for mistrial must be made immediately after the grounds made the basis for the motion and stating:

When the jury initially returned from deliberations, it acquitted Anderson on the attempted-murder charge concerning Rule, but had not yet reached a unanimous verdict on the attempted-murder charge regarding Thomas.  The circuit court encouraged the jury to reach a unanimous verdict and sent the jury to continue its deliberations.  Later, the jury returned with a signed verdict form finding Anderson guilty of the attempted murder of Thomas, but added the handwritten word "reluctantly."  The circuit court

informed the jury that it would not accept the verdict and told the jury that the verdict must be unanimous with each juror convinced beyond a reasonable doubt. Defense counsel indicated that he had no objections to the circuit court's instructions at that time. Therefore, Anderson's motion for a mistrial was untimely and this issue was not preserved for our review.

Doc. 8-5 at 8.

Respondents correctly argue that Anderson's claim is procedurally defaulted. Doc. 8 at 6–7. Federal habeas review may be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995). In Anderson's case, the Alabama Court of Criminal Appeals' application of the rule regarding preservation of claims challenging rulings on motions for mistrial constituted an adequate and independent state procedural ground for denying relief.[3] This procedural rule is firmly established and regularly

---

[3] The Supreme Court has stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

followed by Alabama appellate courts.[4]  *See, e.g., Ex parte Marek*, 556 So.2d 375, 379 (Ala. 1989); *Vann v. State*, 880 So.2d 495, 500 (Ala. Crim. App. 2003); *Living v. State*, 796 So.2d 1121, 1140 (Ala. Crim. App. 2000); *Allen v. State*, 659 So.2d 135, 144 (Ala. Crim. App. 1994).  Consequently, Anderson's claim here is procedurally defaulted.

A habeas petitioner can overcome the procedural default of a claim by showing both "cause" for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or by establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default turns on whether the petitioner can show that an objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982).  Anderson asserts neither "cause" for his procedural default nor actual innocence as a basis for obtaining review of his otherwise defaulted claim.  Consequently, this claim is procedurally barred from habeas review.

However, even if this claim was not procedurally barred, it would not entitle Anderson to habeas relief.  The Alabama Court of Criminal Appeals alternatively reviewed the merits of the claim and found no abuse of discretion in the trial court's denial of Anderson's motion for a mistrial; the appellate court explained:

> "'A mistrial is a drastic remedy that should be used sparingly
> and only to prevent manifest injustice.'  *Hammonds v. State*,

---

[4] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

777 So. 2d 750, 767 (Ala. Crim. App. 1999) (citing *Ex parte Thomas*, 625 So. 2d 1156 (Ala. 1993)), aff'd, 777 So. 2d 777 (Ala. 2000).   A mistrial is the appropriate remedy when a fundamental error in a trial vitiates its result.  *Levett v. State*, 593 So.2d 130, 135 (Ala. Crim. App. 1991).  'The decision whether to grant a mistrial rests within the sound discretion of the trial court and the court's ruling on a motion for a mistrial will not be overturned absent a manifest abuse of that discretion.'  *Peoples v. State*, 951 So. 2d 755, 762 (Ala. Crim. App. 2006)."

*Peak v. State*, 106 So. 3d 906, 915 (Ala. Crim. App. 2012).

It is not reversible error for the circuit court to request the jury to continue deliberations upon discovering that the jury's verdict is not unanimous.  *See Moss v. State*, 341 So.2d 181, 182 (Ala. Crim. App. 1976) (holding it was not reversible error for the circuit court to merely inform the jury it could not accept a verdict which was not unanimous and to order the jury to continue deliberations).

The circuit court provided the jury with an *Allen*[5] instruction which clearly stated that it was not trying to "coerce or force [them] to reach a particular verdict or surrender an honestly held belief." [Doc. 8-3 at 68.] The circuit court did not attach any qualification to its order to continue deliberations, and only asked the jury to continue to deliberate until a verdict was reached.   After the circuit court gave additional instructions, the jury indicated that they understood the instructions.   It is presumed that a jury follows the circuit court's instructions.  *See Calhoun v. State*, 932 So.2d 923, 965 (Ala. Crim. App. 2005) ("We presume that the jury follows the circuit court's instructions.").

Because the circuit court directly complied with the law when the jury returned a verdict that was not unanimous, the circuit court did not abuse its discretion when it denied Anderson's motion for a mistrial.  *See M.H. v. State*, 6 So. 3d 41 (Ala. Crim. App. 2008) (finding no error in giving of *Allen* charge and denial of motion for mistrial where circuit court was aware of the deadlocked status of the jury as well as the numerical division of the jury). Accordingly, Anderson is entitled to no relief on this claim.

---

[5] *Allen v. United States*, 164 U.S. 492 (1896).

Doc. 8-5 at 9–10.

The state court decision here was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1), nor did it involve an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2).  The record reflects that the trial court correctly instructed the jury on the unanimity requirement and the beyond-a-reasonable-doubt standard and the necessary form of the verdict, "guilty or not guilty," without suggesting that the jury reach a particular verdict.  The jury retired with the benefit of the court's additional instructions, and then returned with a unanimous, uncoerced verdict.  Consequently, Anderson is not entitled to habeas relief on this claim.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED without an evidentiary hearing and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this **Recommendation on or before June 26, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered

in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2020.


   /s/  Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE